UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**STEPHEN LINDLEY LLEWELLYN,** and
**PATRICIA ELLEN LLEWELLYN**,

Debtors.

Case No. **07-61110-13**

## MEMORANDUM OF DECISION

At Butte in said District this 22nd day of April, 2008.

On September 21, 2007, Debtors filed this bankruptcy case. On December 17, 2007, Wilshire Credit Corporation, as servicer for Wells Fargo Bank, N.A., as Trustee for the MLMI Trust Series 2005-WMC2 ("WCC"), filed a timely secured proof of claim no. 8 ("POC 8"), with an attached itemization, in the total amount of $193,542.86. On January 2, 2008, Debtors filed an objection to POC 8, and scheduled a hearing for February 7, 2008. WCC filed a response to Debtors' objection on January 3, 2008, with attachments. Through an unopposed motion to continue, the hearing on the objection to POC 8 was continued to March 6, 2008. On March 3, 2008, the parties filed an agreed request to submit this contested matter to the Court based on the filed proof of claim, the objection, the response and attachments and the filed briefs. At the scheduled hearing on March 6, 2008, the parties provided no testimony from any witness and did not introduce any additions exhibits other than the noted documents filed in the claims register and the docket. At the scheduled hearing on March 6, 2008, the Court informed the parties that it approved their request and deemed the matter submitted and ready for a decision. This

1

memorandum contains the Court's findings of fact and conclusions of law.

The Court has jurisdiction of this contested matter under 28 U.S.C. § 157(b)(2)(B) as the matter involves an objection to a filed proof of claim, which is a core proceeding.

FACTS AND CONTENTIONS

Debtors scheduled the property that serves as collateral for the debt that is owed to WCC on Schedule A. Debtors list the property value at 200,000 and the amount of the secured claim as $188,767.00. On Schedule D, Debtors list WCC as the creditor holding a secured claim in the amount of $188,767.

As noted WCC filed POC 8 claiming a secured claim amounting to $193,542.86, with an accompanying attachment itemizing the claimed amount and arrearages. The itemization attached to POC 8 provides the following itemization:

| | |
|---|---|
| Principle | $174,635.12 |
| Interest to September 21, 2007 | 13,314.65 |
| Charges | 6,750.61 |
| Less Suspense Fund | -1,157.52 |
| Total | $193,542.86 |

WCC calculates its arrearages as follows:

| | |
|---|---|
| Installment Payments (2-1-07 - 10-1-07) | $14,578.44 |
| Late Charges | 288.46 |
| Inspection Fees | 71.00 |
| BPO Fees | 300.00 |
| Legal | 4,320.50 |
| Interest on Escrow | 6.17 |
| Returned Item Fees | 50.00 |
| Speedpay Fees | 20.00 |
| Less Suspense Fund | -1,157.52 |
| Total | $18,477.05 |

WCC in its response filed January 3, 2008, filed two attachments that further allocated

2

the "Legal" amount as follows:

|  | Attorneys Fees | Costs |
|---|---|---|
| December 16, 2006 Statement | $ 850.00 | $1,568.26 |
| September 24, 2007 Statement | $ 600.00 | $1,302.24 |
| Total | $1,450.00 | $2,870.50 |

Debtors raised the following issues in their objection:

1. Debtors are not justly and truly indebted to the claimant in the amount claimed.

2. Debtors deny that the Creditor is entitled to receive the amount claimed as a secured debt.

3. Debtors assert that Exhibit "A" to Creditor's proof of claim willfully overstates the legal fees and other charges in violation of 11 U.S.C. § 506(b); Mont. LBR 3012-1, 3001-2, and 3001-3 as well as § 71-1-320 , MCA.

4. The Proof of claim fails to provide the appropriate detailed itemization of the legal fees and other foreclosure costs as required by Mont. LBR 3012-1.

Consequently, Debtors are requesting this Court to disallow the legal fees in the amount of $4,320.50, allow the WCC's arrearage claim in the amount of $9,100.42, and allow the total claim at $189,222.36.  Debtors have not submitted any evidence establishing that the payments from February 1, 2007 through October 1, 2007, have been, in fact, made by Debtors. Consequently, POC 8 establishes that Debtors did not pay such monthly payments and such payments should be added to the arrearage amount that also includes the other itemized charges. Debtors have not refuted the number of unpaid prepetition payments.

Further, Debtors argue that the bankruptcy fees and costs and foreclosure fees and costs exceed the statutory maximum one percent (1%) fee set forth at MONT. CODE ANN. (""MCA") § 71-1-320, which covers the maximum amount of fees allowed in a nonjudicial foreclosure when a cure occurs.  Debtors also argue that WCC is required to file a fee application before it is

3

entitled to recover any fees and such application is subject to Court approval.

WCC contends that MCA § 71-1-320 only limits the maximum fees that may be allowed for a nonjudicial foreclosure and is applied each time a nonjudicial foreclosure occurs even when an intervening cure may have occurred. WCC argues that no limitation is statutorily imposed for costs under the Small Tract Financing Act adopted in Montana. Further, WCC contends that no evidence exists that the claim is willfully overstated.

## DISCUSSION

The law on objections and allowance of claims is well settled in the Ninth Circuit and this Court. This Court discussed the applicable law governing the burden of proof for allowance of claims in *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

> A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. F.R.B.P. 3001(f). The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):
>
>> A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.
>>
>> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient

4

> evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.
>
> * * * *
>
> "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.
>
> *See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).
>
> Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

The analysis under *Lundell v. Anchor Const. Specialists* was reiterated by the Ninth Circuit in *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002).

Applying this analysis to the instant contested matter, Debtors have the initial burden to overcome the *prima facie* effect of the validity and amount of WCC's POC 8 under Rule 3001(f). POC 8 includes a itemization of the principle, interest, charges and arrearage owing. The Court finds that Debtors have overcome the *prima facie* effect of WCC's proof of claim as the costs contained in the arrearage itemization does not equate to the statement of charges contained in the prefatory paragraph of the itemization attached to WCC's POC 8. Consequently, WCC must

07-61110-RBK  Doc#: 52  Filed: 04/22/08  Entered: 04/22/08 11:39:27  Page 6 of 10

come forward with sufficient facts to establish the debt owing under the filed POC 8.

WCC informs the Court that two prepetition, nonjudicial foreclosures occurred. WCC commenced the first nonjudicial foreclosure in 2006. The first nonjudicial foreclosure was cured prepetition as reflected in the attached itemization to POC 8 as WCC states that the arrearage amount commenced with the installment payments for February 1, 2007 through October 1, 2007. Consequently, the Court concludes that Debtors paid the unpaid monthly payments that were the subject of the first foreclosure action and cured the defaults under the deed of trust or additional amounts would have been unpaid for the year of 2006. WCC, in its brief, affirms that the first nonjudicial foreclosure was cured and that a second nonjudicial foreclosure proceeding was commenced in 2007. Debtors do not dispute these facts. The automatic stay imposed on September 21, 2007, when the Debtors filed this bankruptcy case stopped the second nonjudicial foreclosure proceeding commenced as a result of Debtors' failure to pay the prepetition monthly payments from February 1, 2007, through October 1, 2007, and WCC subsequently cancelled the sale. The Court notes that the October 1, 2007, payment would not have been due as of the petition date, September 21, 2007. The Court deducts the amount of $1,694.48 from the total amount calculated for installment payments on the arrearages itemization of $14,578.44 and finds that the sum of $12,883.96 is the correct amount for unpaid installment payment arising from February 1, 2007, to the date of filing, September 21, 2007. The itemization makes it unclear whether eight (8) or nine (9) prepetition payments are unpaid. The court finds that the calculation by WCC uses nine (9) unpaid payments, which includes the October 2007 payment. As noted the October 2007 payment was not due on the petition date.

Nonjudicial foreclosure fees are limited by MCA § 71-1-320. This statutory provision

6

provides:

> Reasonable trustees' fees and attorneys' fees to be charged to the grantor in the event of foreclosure by advertisement and sale shall not exceed, in the aggregate, 5% of the amount due on the obligation, both principal and interest, at the time of the trustee's sale. If prior to the trustee's sale the obligation and the trust indenture shall be reinstated in accordance with provisions of 71-1-312, the reasonable trustees' fees and attorneys' fees to be charged to the grantor shall not exceed the lesser of $1,000 or 1% of the amount due on the obligation, both principal and interest, at the time of default. In no event shall trustees' fees and attorneys' fees be charged to a grantor on account of any services rendered prior to the commencement of foreclosure.

As noted in this statutory provision, no limitation is imposed for costs. The costs are not included in the percentage or numeric limitations of the statute. Consequently, the Court concludes, by the terms of the statute, that WCC is entitled to recover the costs from the first nonjudicial foreclosure in the amount of $1,568.26 and from the second nonjudicial foreclosure in the amount of $1,302.24. The Court notes that the last entry on the cost itemization for the second nonjudicial foreclosure in the amount of $20.00 is dated September 24, 2007, three (3) days after the petition date. Given the relative small amount of $20.00, and given that WCC holds an oversecured claim, the Court does not deduct this amount from the allowed costs, as it finds that such amount is reasonable and has been itemized as if the WCC had filed a postpetition cost application.

Further, the Court concludes, by the terms of the statute, that WCC is entitled to recover the fees from the first nonjudicial foreclosure in the amount of $850.00 and from the second nonjudicial foreclosure in the amount of $600.00, as both amounts for each separate nonjudicial foreclosures are less than either $1,000 or 1% of the principal and interest due on the obligation. The statute imposes no limitation on the number of times a nonjudicial foreclosure may be commenced, cured or concluded. A cure of the default that is subject to a nonjudicial foreclosure

reinstates the obligation as if no default occurred. *See* MCA § 71-1-312(2). The statute, through its plain meaning, only limits the amount that may be charged to the grantor of the deed of trust each time a nonjudicial foreclosure occurs for either a completed sale or a commenced foreclosure that ends through cure. The Court further concludes that the amounts for fees are reasonable.

Debtors next argue that WCC is required, pursuant to *In re Michnal*, 19 Mont. B. R. 410 (Bankr. D. Mont. 2001), to file a fee and cost application for the prepetition fees and costs that have previously been discussed. The Court in *Michnal* made a broad statement that included prepetition fees and costs in the requirement that a fee application be filed pursuant to Mont.LBR 2016(a) before any award would be allowed by the Court. Subsequent to that decision as reflected in proposed rule changes as discussed at intervening seminars since 2001, the better rule is to require any prepetition fees and costs by a professional to be included and itemized in a filed proof of claim and then consider the reasonableness or appropriateness of such fees and costs through the objection to claim process provided under 11 U.S.C. § 502 and F.R.B.P. 3007. Any postpetition fees and costs of a professional that the professional is seeking recovery from the bankruptcy estate or debtor must be submitted by application pursuant to F.R.B.P. 2016(a) and allowed by the Court. Such conclusion is consistent with the COLLIER writers: "The amount of a creditor's 'claim' is typically determined as of the petition date, and includes the principal amount of the obligation plus all matured *pre*petition interest, fees, costs and charges owing as of the petition date." 4 COLLIER ON BANKRUPTCY, 506.04[1](15th ed. rev.). The allowability of such prepetition amounts are governed by 11 U.S.C. § 502. *Id.* The Court further notes that 11 U.S.C. § 506 "prescribes that postpetition interest, fees, costs or charges may be added as part of

the allowed amount of an allowed secured claim to the extent that the claim is oversecured." *Id.*

Although the facts in this case are distinguishable from the facts in *Michnal* as greater itemization does exist in the attachment to WCC's proof of claim filed in this case, and to the extent that *Michnal* is inconsistent with this decision, *Michnal* in overruled. Prepetition professional fees and costs, in addition to the prepetition principal debt, and matured prepetition interest, and other charges allowed by any agreement or statute, should be included in a creditor's proof of claim, subject to objection by the debtor.

**IT IS ORDERED** that the following separate Order will be entered in conformity with the above:

IT IS ORDERED that Debtors' objection to WCC's proof of claim no. 8 is overruled in part and sustained in part; WCC is entitled to its itemized fees and costs in the total amount of $4,320.50; that the principal in the amount of $174,635.12, the prepetition matured accrued interest in the amount of $13,314.65, and the other charges of $735.63, are allowed for a prepetition secured claim of $193,005.90 [174,635.12 + 13,314.65 + 4,320.50 + 735.63] less $1,157.52 for a total prepetition secured claim of $191,848.38; that the arrearages amount to $17,940.09 [12,883.96 + 288.46 + 71. + 300. + 4,320.50 + 6.17 + 50. + 20.] less $1,157.52 for a total arrearage amount of $16,782.57.

          BY THE COURT

          /s/ Ralph B. Kirscher
          HON. RALPH B. KIRSCHER
          U.S. Bankruptcy Judge
          United States Bankruptcy Court
          District of Montana